IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CRAIG S. SHADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:20-cv-02069-TLP-tmp |
| v. ) | |
| ) | |
| ANGELA OWENS, FCI Memphis Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2241, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Craig S. Shade[1] petitioned pro se for habeas corpus relief under 28 U.S.C. § 2241.  (ECF No. 1.)  Respondent moved to Dismiss or in the Alternative for Summary Judgment. (ECF. No. 6.)  In short, Petitioner believes the court should adjust his sentence computation to credit him with additional time served.  (ECF No. at PageID 4.)  Respondent however contends that Petitioner did not exhaust his administrative remedies.  (ECF No. 6 at PageID 28.) Moreover, Respondent argues that Petitioner was in state custody for the disputed period and that time spent in state custody cannot also be credited to his federal sentence.  (*Id.* at PageID 29–31.) For the reasons stated below, the Court **GRANTS** the Motion to Dismiss and **DENIES** and **DISMISSES** the § 2241 Petition with prejudice.

---

[1] The Federal Government has custody of Petitioner and has assigned him Bureau of Prisons register number 32333-045.  The Government is currently housing him at the Federal Correctional Institution in Memphis, Tennessee.

## BACKGROUND AND PROCEDURAL HISTORY

In July 2016, the Greene County, Missouri Sheriff's Office arrested Petitioner based on a Morgan County warrant in Case No. 16MG-CR00320-02. (ECF No. 6 at PageID 25.) On July 13, 2016, the State transported him to the Missouri Department of Corrections for a parole violation. (*Id.*; *see* ECF No. 6-1 at PageID 38.) In April 2017, the United States Marshal Service temporarily removed Petitioner from state custody on a federal writ of habeas corpus ad prosequendum. (ECF No. 6 at PageID 25; *see* ECF No. 6-1 at PageID 40–41.) In September 2018, the federal government returned Petitioner to state custody with a federal detainer. (ECF No. 6 at PageID 25; *see* ECF No. 6-1 at PageID 34, 41.) In November 2018, Missouri granted him parole from his Missouri state sentence and released him into federal custody exclusively. (*Id.* at PageID 34, 44.)

On March 12, 2019, the United States District Court for the Western District of Missouri sentenced Petitioner to a 120-month term of imprisonment in Case No. 6:17-CR-03041-MDH(1), for "Conspiracy to Distribute 1 Kilogram or More of Heroin." (*Id.* at PageID 46–51.) Petitioner moved to Correct or Modify Sentence Pursuant to Fed. R. Crim. P. 35(a) in the federal district court in Missouri seeking a reduction of his sentence by seventeen months for presentence credit, which that court denied on November 6, 2019. (*See* ECF No. 1-2 at PageID 11.)

In August 2019, Petitioner requested Administrative Remedy, No. 986745-F1, with the Bureau of Prisons ("BOP"). (*See id.* at PageID 12; ECF No. 6-1 at PageID 35, 57.) The facility denied the remedy (*see* ECF No. 1 at PageID 14), and Petitioner appealed to the Mid-Atlantic Regional Office, Remedy ID No. 986745-R2, which also denied it in November 2019. (ECF No.

6-1 at PageID 35, *see* ECF No. 1 at PageID 13–15.)[2]  The Office gave the following reason for denial:

> You are appealing the Warden's response to your Administrative Remedy. You claim your sentence is not calculated correctly. You request jail credit be applied to your sentence from July 24, 2017, through September 27, 2018.
>
> Program Statement 5880.28 Sentence Computation Manual (CCCA of 1984), provides directions on calculating federal sentences. Page 1-20B of this program statement states time spent in custody under a writ from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The federal court borrows the prisoner under the provisions of the writ for secondary custody. Title 18, U.S.C. § 3585(a) establishes the rule for commencement of a sentence. In no case can a federal sentence commence earlier than the date on which it is imposed. Prior custody time credit is controlled by Title 18, U.S.C. § 3585(b) and states credit shall be given for time spent in official detention prior to the date the sentence commences, provided it has not been credited against another sentence.
>
> Our review of your appeal reveals you were borrowed from state custody on April 17, 2017, pursuant to a federal writ. On September 11, 2018, you were returned to the Missouri Department of Corrections. On November 1, 2018, you were paroled from your state sentence and turned over to federal authorities. On March 12, 2019, you were sentenced in United States District Court for the Western District of Missouri.
>
> A review of your sentence computation shows your sentence began on March 12, 2019, the date it was imposed. You received jail credit toward this sentence from November 2, 2018, through March 11, 2019. Jail credit was applied for time spent in official detention and not awarded toward any other sentence. The credit you request was time awarded toward your state sentence; therefore, this credit is not applicable pursuant to Title 18, U.S.C. § 3585(b).
>
> Your appeal is denied. . . .

(ECF No. 1-2 at PageID 15.)  The Regional Director advised him that he could appeal to the BOP's General Counsel.  (*Id.*)  But Petitioner did not file any further appeals.  (ECF No. 6-1 at PageID 34–35.)

---

[2] A previous appeal was rejected.  (*See* ECF No. 6-1 at PageID 35.)

A sentence computation for Petitioner's "current commitment" dated March 13, 2020, shows that Petitioner received jail credit from November 2, 2018, the day after the state released him to federal custody, until March 11, 2019, the day before the federal court imposed his federal sentence. (ECF No. 6-1 at PageID 54.)

Here, Petitioner petitioned pro se under 28 U.S.C. § 2241. (ECF No. 1.) He asserts that the BOP will not extend credit toward his federal sentence for the 17 months he claims he spent primarily in federal custody which was not credited towards his state sentence. (*Id.* at PageID 4; *see* ECF No. 1-1 at PageID 9.)

In March 2020, Respondent filed a Motion to Dismiss asserting that Petitioner failed to exhaust his administrative remedies and that he was not entitled to additional prior custody credit. (ECF No. 6.) Yet, Petitioner did not file a response, and the period for responding has expired.

## ANALYSIS OF PETITIONER'S CLAIM

This Court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim about the BOP's failure to award sentence credit can be addressed in a § 2241 petition after the inmate has exhausted his administrative remedies with the BOP. *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992). Respondent contends that Petitioner has not exhausted his administrative remedies to the highest level of review in an appeal to the Central Office. (ECF No. 6 at PageID 28–29; ECF No. 6-1 at PageID 34–35.) Respondent does not contest this argument.

4

Calculation of a federal prisoner's sentence, including its commencement date and any credit for custody before sentencing, is governed by 18 U.S.C. § 3585, which provides as follows:

> (a) Commencement of Sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.*

This Court cannot compute sentence credits under 18 U.S.C. § 3585(b). Instead, the Attorney General makes that computation first. *United States v. Wilson*, 503 U.S. 329, 334 (1992); *Westmoreland*, 974 F.2d at 737–38 (district court cannot consider habeas petition asserting right to sentence credits under 18 U.S.C. § 3585(b) until Attorney General has computed credit and petitioner has exhausted administrative remedies).

Exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking court review of the BOP's sentence credit calculation. *Westmoreland*, 974 F.2d at 737–38; *see also Davis v. Keohane*, 835 F.2d 1147, 1149 (6th Cir. 1987) (requiring exhaustion of administrative remedies within BOP before pursuing habeas relief); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) (same); *see United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit"). Petitioner did not completely exhaust his

5

administrative remedies before filing suit.  He failed to appeal the ruling of the Mid-Atlantic Regional Office.  This Court therefore lacks jurisdiction to consider the merits of his claims.

Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES** the § 2241 Petition.  The Court shall enter Judgment for Respondent.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner did not appeal the ruling of the Mid-Atlantic Regional Office, Petitioner has not exhausted all his administrative remedies. The Court therefore determines that any appeal would not be taken in good faith. Therefore, the Court **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. The Court **DENIES** leave to proceed in forma pauperis.

**SO ORDERED**, this 18th day of November, 2020.

                                        s/Thomas L. Parker  
                                        THOMAS L. PARKER  
                                        UNITED STATES DISTRICT JUDGE